**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MORRIS L. MESTER,

        Plaintiff-Appellant,

v.

DR. WALKER, C.M.E. at RJD; et al.,

        Defendants-Appellees.

No. 14-56512

D.C. No. 3:13-cv-00064-H-NLS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

    Morris L. Mester, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs and safety. We have jurisdiction under

28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2004).  We may affirm on any ground supported by the record.  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).  We affirm.

The district court properly granted summary judgment because Mester failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his serious medical needs.  *See Toguchi*, 391 F.3d at 1057-60 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; negligence and a mere difference in medical opinion are insufficient to establish deliberate indifference).

The district court did not abuse its discretion in denying Mester's motions to reopen discovery after the deadline set forth in the pretrial scheduling order because Mester failed to demonstrate good cause.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607, 609-10 (9th Cir. 1992) (setting forth standard of review and "good cause" requirement to modify a scheduling order).

The district court did not abuse its discretion in denying Mester's request for additional time to respond to defendants' motion for summary judgment because the district court granted two extensions of time, and Mester failed to demonstrate good cause for any further extensions.  *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-60 (9th Cir. 2010) (setting forth standard of review for denial of extension of time and good cause requirement under Fed. R .Civ. P. 6(b)).

To the extent Mester alleged that defendants were deliberately indifferent regarding the placement of shower mats, dismissal of this claim was proper because Mester failed to allege facts sufficient to show that defendants were deliberately indifferent to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if he "knows of and disregards an excessive risk to inmate . . . safety").

We reject as unsupported by the record Mester's contentions that the district court never responded to his motion to amend the judgment on the pleadings, was biased toward him, and improperly screened out certain defendants.

**AFFIRMED.**